IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID AGUAYO, # K-88167 | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1008-DRH |
| | ) |
| MARC HODGE, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.  The petition was filed on September 17, 2012.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, the Court shall order a response.

Petitioner was convicted of two counts of aggravated criminal sexual assault

in the Circuit Court of Cook County, and was sentenced on August 15, 2008, to consecutive sentences of thirteen and seven years. Petitioner's conviction was affirmed on direct appeal by the Illinois Appellate Court, First District on February 24, 2011. *People v. Aguayo*, No. 1-08-2411 (2011) (unpublished order under Illinois Supreme Court Rule 23). His petition for leave to appeal (PLA) was denied by the Illinois Supreme Court on May 25, 2011.

On March 11, 2011, Petitioner filed a *pro se* post-conviction petition which was denied without an evidentiary hearing on June 22, 2011. He states that he filed an appeal, Case No. 1-11-2193. That order was affirmed on October 11, 2012, by the Illinois Appellate Court, First District. There is no indication that petitioner has sought further review.

Petitioner filed the instant action on September 17, 2012, raising two grounds for relief: 1) that the charges on which the conviction is based were voided by a previous *nolle prosequi* by the state; 2) the consecutive sentences imposed in the underlying conviction were not authorized by statute.

Petitioner indicates in his petition and in subsequently filed exhibits that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. (Docs. 1, 7-8).

Petitioner's motions for leave to file exhibits and a supplemental page (Doc. 7-8) are **GRANTED.** The Clerk **is DIRECTED** to file the tendered documents as exhibits to the petition (Doc. 1).

The petitioner's motion for appointment of counsel (Doc. 3) is **DENIED** at this time as premature.  Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require.  *See* Rule 8(c) Rules Governing Section 2254 Cases.  Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED:**

**DATED: December 12, 2012**

Digitally signed by David R. Herndon
Date: 2012.12.12 11:09:40 -06'00'

**Chief Judge**
**United States District Court**