IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID AGUAYO,

Petitioner,

v.                                              No. 3:12-cv-1008-DRH-DGW

MARC HODGE,

Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner, David Aguayo, on September 17, 2012 (Doc. 1), the Motion for Order to Stay Execution of Removal Order filed by Petitioner on January 28, 2013 (Doc. 20), and the Motion for Summary Judgment filed by Petitioner on March 8, 2013 (Doc. 25). For the reasons set forth below, the Petition is **DENIED**, the Motion for Order to Stay Execution of Removal Order is **DENIED**, the Motion for Summary Judgment is **DENIED**, and this matter is **DISMISSED**

### I.   Introduction and Background

Petitioner was originally charged in an eight count indictment, which included two counts of predatory criminal sexual assault, related to various acts of sexual assault and abuse committed by Petitioner against his stepdaughter from 1996 to 1997. Petitioner pled guilty to the two counts of predatory criminal sexual assault, in exchange for the government agreeing not to prosecute the remaining six

1

counts, and was sentenced to 14 years' imprisonment on November 13, 1998. On March 10, 2004, Petitioner's conviction and sentence were vacated in light of *Johnson v. Edgar*, 680 N.E.2d 1372 (Ill. 1997), which found unconstitutional the statute criminalizing predatory criminal sexual assault, the counts for which Petitioner pled guilty. On September 8, 2005, the state successfully sought to reinstate the *nolle prosequi* counts and proceeded with two: aggravated criminal sexual assault and aggravated criminal sexual abuse. Petitioner was convicted by a jury on both counts and was sentenced to 13 years' and 7 years' confinement, to run consecutively, on August 15, 2008. This conviction/sentence is the subject of the present Petition for a Writ of Habeas Corpus.

Petitioner directly appealed his conviction and sentence arguing, among other things, that the state could not reinstate the *nolle prosequi* counts and that his sentences should not run consecutively (Respondent's Ex. B). On February 4, 2011, the Illinois Court of Appeals held that a new indictment need not be obtained in order to re-file charges that had been dropped by the prosecutor prior to when jeopardy attached. *People v. Aguayo*, 2011 WL 9558005, *6 (Ill. App. Ct. 2011) (Resp. Ex. A). In disposing of the remainder of his claims, the Illinois Court of Appeals further found that Petitioner forfeited his sentencing argument by failing to raise it at the sentencing hearing and in his opening brief before the court of appeals. *Id.* at *16.[1] Petitioner's Petition for Leave to Appeal (PLA) was denied by

---

[1] The sentencing argument was raised in a supplemental brief proposed by Petitioner 8 months after filing the opening brief; The Illinois Court of Appeals

the Illinois Supreme Court on May 25, 2011 (Resp. Ex. M).

Petitioner filed a petition for post-conviction relief with the state trial court on March 11, 2011 (Doc. 29-9, Resp. Ex. Q, pp. 36-44) that was summarily dismissed on June 28, 2011 (*Id*. pp. 48-54). On October 11, 2012, the Illinois Court of Appeals affirmed the dismissal finding that appellate counsel was not ineffective for failing to raise the claims that that the trial court lacked jurisdiction (because the entire original indictment was void in light of the Illinois Supreme Court's finding that the predatory criminal sexual assault statute was unconstitutional) and a claim that the charges were barred by the statute of limitations. *People v. Aguayo*, 2012 WL 6962889 (Ill. App. Ct. 2012) (Resp. Ex. N). A PLA was denied on March 27, 2013 (Resp. Ex. U).

Petitioner raises two grounds for relief before this Court:

1. "The nolle prosequi counts (4) and (6) that constitute the basis of this second conviction and sentence of 20 years, are double void . . . because they were part of a fatally defective charge instrument . . . [and] because [they were] reinstated without any legal proceeding on December 13, 2005" (Doc. 1, p. 9).

2. "All [sic], plus Defendant's consecutive sentences were not authorized by the state law on which they were based. 730 ILCS 5/5-8-4(a) (West 1996)" (*Id*. at 11).

In the "argument" portion of the Petition, Petitioner elaborates that he didn't get the benefit of the bargain when the prosecutor violated the plea agreement by proceeding on the six counts that were *nolle prosequi*. Petitioner contends that

---

denied permission to file the supplemental brief on September 17, 2010 (Resp. Ex. E and F).

when the Illinois Supreme Court found that the offenses for which he pled guilty were unconstitutional, the state could not then reinstate those counts that were dropped as part of the plea agreement because the "entire charging instrument was fatally defective" (Doc. 1-1, p. 17-18). Thus, the trial court lacked jurisdiction to preside over his trial. To support his claims, Petitioner cites to the Fifth Amendment (in particular, the presentment and double jeopardy clauses) and various state laws. Respondent argues that the claims are either not cognizable or procedurally defaulted. Specifically, Respondent argues that when the first claim was raised by Petitioner on direct appeal, he did not couch it in terms of a violation of federal law. With respect to the second claim, Respondent argues that it was decided on an independent state law ground, namely waiver.

## II. Standard

Title 28 U.S.C. §2254 provides that the Court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of the State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, "[f]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law." *United States ex rel. Lee v. Flannigan*, 884 F.2d 945, 952 (7th Cir. 1989). Relief "is not easy to come by" because of the deference accorded to state court adjudications. *Thompkins v. Pfister*, 698 F.3d 976, 983 (7th Cir. 2012) (quoting *Woods v. McBride*, 430 F.3d 813, 816 (7th Cir. 2005)).

Accordingly, we will not disturb a state court's application of federal

law unless it is 'both incorrect and unreasonable. "Unreasonable" in this context means something like lying well outside the boundaries of permissible differences of opinion. The state court's factual determinations are entitled to a presumption of correctness, and the petitioner has the burden of overcoming this presumption by clear and convincing evidence.

*Id* (citations and quotation marks omitted); *See* 28 U.S.C. § 2254(d) and (e).

Before seeking such relief, a petitioner is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). This exhaustion requirement necessitates that Petitioner "fairly present his federal claims to the state courts by arguing both the law and the facts underlying them." *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Fair presentment in turn requires that Petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, Petitioner must present a claim based on federal law, by arguing both the law and the facts, to each state court to which he can appeal for relief. Four factors are used to determine whether a Petitioner has fairly presented a federal claim:

1) whether the petitioner relied on federal cases that engage in a constitutional analysis;

2) whether the petitioner relied on state cases that apply a constitutional analysis to similar facts;

3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and

4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Ward v. Jenkins*, 613 F.3d 691, 696-967 (7th Cir. 2010) (citation and quotation marks omitted).

Federal review may also be withheld when a state court's decision is based on independent and adequate state law ground. *Thompkins*, 698 F.3d at 986; *Promotor v. Pollard*, 628 F.3d 878, 885-885 (7th Cir. 2010). "A state law ground is independent when the court actually relied on the procedural bas as an independent basis for its disposition of the case." *Kaczmarek v. Rednour*, 627 F.3d 568, 592 (7th Cir. 2010). "A state law ground is adequate when it is firmly established and regularly followed state practice at the time it is applied." *Id*. Waiver and forfeiture of a claim for failing to raise it in prior proceedings is considered an independent and adequate state law ground that would foreclose federal review. *Id*. Such a claim may be reviewed, however, if Petitioner can show cause and prejudice for the default or that failure to consider the claim will result in a fundamental miscarriage of justice. *Promotor*, 628 F.3d at 885.

> Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner for presented his claim. Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Id.* (internal citations and editing marks omitted).

### III. <u>Analysis</u>

**Claim 1**

Petitioner first claims that the state could not prosecute him by reinstating claims that were originally *nolle prosequi*. In making this claim, Petitioner

combines the arguments made on direct appeal and collateral appeal before the state courts. Thus, Petitioner argues both that the state could not reinstate the charges against him without a new indictment and that the trial court lacked jurisdiction over him because the original indictment, which included 2 counts that were held unconstitutional, is void.[2] At the heart of this claim is the simple argument that the state was required to re-indict in order to proceed with the counts for which he stands convicted. Petitioner basically believes that the original plea agreement resulted in a dismissal of the six remaining counts of the indictment. Respondent argues that Petitioner failed to assert how his federal rights were violated before the state courts on collateral appeal and that his claim regarding the trial court's jurisdiction was not exhausted.

Petitioner raised part of this claim in his brief on direct appeal in which he argued that the charges against him could not be reinstated without a subsequent indictment and that the failure to acquire an indictment violated state law (Resp. Ex. B, p. 17-19). In making the argument, Petitioner, while nominally citing the Fifth Amendment to the Constitution of the United States, relied exclusively on state law to claim that *nolle prosequi* charges must be re-indicted.[3] In his reply brief, Petitioner specifically argued: "Because the State did not re-indict Aguayo as

---

[2] That these two claims are different was noted by the Illinois Court of Appeals in its October 11, 2012 Order (Resp. Ex. N, p. 4-5, ¶13).

[3] Petitioner specifically argued that nolle prosequi was the equivalent of dismissing the charges against Petitioner (Resp. Ex. B, p. 19).

required by Illinois law, his convictions should be reversed and his case remanded" (Resp. Ex. D, p. 2). In ruling, the Illinois Court of Appeals relied on state law in holding that the *nolle prosequi* counts could be reinstated because they were dismissed prior to jeopardy attaching (Resp. Ex. A, p. 15).[4] Thus, while Petitioner nominally cited to the Fifth Amendment, neither his brief nor the Court of Appeals Order based their arguments/decision, respectively, on constitutional law. Before this Court, Petitioner does cite to the Fifth Amendment in support of his claim. However, the Fifth Amendment guarantee of an indictment does not apply to the states through the Fourteenth Amendment. *Branzburg v. Hayes*, 408 U.S. 665, 687-688 (1972). Thus, even if Petitioner was entitled to an indictment pursuant to state law, such a claim is non-cognizable under federal law and will not be reviewed by this Court.

On collateral appeal, Petitioner raised the claim of whether the trial court lacked jurisdiction because the indictment was fatally defective.[5] The Illinois Court of Appeals held that "Defendant has not, and indeed, cannot, provide any legal authority to support his theory that the court lacked subject matter jurisdiction over the six remaining counts which were indisputably valid, not void offense," and then distinguished the state law cases cited by Petitioner. (Resp. Ex.

---

[4] The Court cited, in particular, *People v. Watson*, 394 Ill. 177, 68 N.E.2d 265 (Ill. 1946), *People v. McCutcheon*, 68 Ill. 2d 101, 368 N.E.2d 886 (Ill. 1977), *People v. DeBlieck*, 181 Ill. App. 3d 660, 537 N.E.2d 351 (Ill. App. Ct. 1989).

[5] Because this claim was only made within the context of an ineffective assistance of counsel claim, which is not raised by Petitioner in this federal petition, it also has not been exhausted.

N, pp. 5-6). Again, Petitioner's jurisdictional argument is based on an allegedly defective indictment. Not only is such a claim based on state law, there is no showing that any federal law is implicated by the state's actions. Indeed, much, if not all of the cases cited by Petitioner before this court are based on state law. The only federal law cited stand for general fairness propositions that have no bearing on this case. *See e.g. Strickler v. Greene*, 527 U.S. 263, 281 (7th Cir. 1999) (noting that federal prosecutors have a duty to ensure that justice is done in cases they prosecute). Petitioner cannot convert what is a question of state law into a federal question by vaguely alleging that his due process rights were violated and citing to no case authority or specific argument to support such a claim. This claim, in its entirety, is not cognizable on habeas review because it relies solely on state law and the Illinois courts' interpretation of its own law.

**Claim 2**

Petitioner asserts that his consecutive sentences were not authorized by state statute. There is no showing that any federal law is implicated in this claim. Indeed, Petitioner argues that the trial court failed to properly apply the state's sentencing statute. *See* 730 Ill. Comp. Stat. § 5/5-8-4. In any event, the Illinois Court's found that this claim was forfeited because it was not raised at sentencing and in his opening brief on direct appeal. (Resp. Ex. A, pp. 30-31). As noted above, forfeiture (waiver) is an independent and adequate state law ground that would render a claim procedurally defaulted.

**Cause and Prejudice**

Petitioner has not raised any argument that procedural default should be excused. There is no showing that an external impediment prevented Petitioner was pursuing his claims or that his trial was infected with errors of constitutional dimension.

**Certificate of Appealability**

Finally, Respondent argues that a certificate of appealability should not issue in this case. Title 28 United States Code § 2253(c)(2) provides that a certificate should only issue if there is a "substantial showing of the denial of a constitutional right." Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not debate as whether the petition should be resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). Petitioner has made only two claims, both of which are based on state law that an not cognizable on habeas review. Therefore, the Court recommends that Petitioner should not be encouraged further.

## IV.  Conclusion

For the reasons set forth above, the Petition for a Writ of Habeas Corpus filed by Petitioner, David Aguayo, on September 17, 2012 (Doc. 1) is **DENIED.** In light of this conclusion, the Motion for Order to Stay Execution of Removal Order filed by Petitioner on January 28, 2013 (Doc. 20) and the Motion for Summary Judgment filed by Petitioner on March 8, 2013 (Doc. 25) also are **DENIED.** The Court

**DISMISSES with prejudice** this cause of action.   The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.   Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 16th day of July, 2013.

Digitally signed by
David R. Herndon
Date: 2013.07.16
17:21:19 -05'00'

**Chief Judge**
**United States District Court**